Glenda **BLAKENEY**, infant, et al.,
Plaintiffs,

v.

**FAIRFAX COUNTY SCHOOL BOARD**
et al., Defendants.

Civ. A. No. 3067.

United States District Court
E. D. Virginia,
at Alexandria.

March 2, 1964.

Otto L. Tucker, Alexandria, Va., S. W. Tucker, Richmond, Va., Allison W. Brown, Jr., Washington, D. C., for plaintiffs.

James Keith, Fairfax, Va., for defendant Fairfax County School Board.

LEWIS, District Judge.

Glenda Blakeney, an infant, and others similarly situated, ask leave to intervene as party plaintiffs in Civil Action No. 1967, seeking further interlocutory and permanent injunctive relief against the defendant Fairfax County School Board.

Specifically, they seek admission to the Fairfax County schools on a racially non-discriminatory basis; an order enjoining the School Board from making initial assignments of Negro children to schools which none but Negroes attend; and reasonable costs and attorneys' fees.

Civil Action No. 1967 having been dismissed and removed from the docket of this Court by order entered therein November 1, 1960, the motion to intervene was denied.

Whereupon the parties agreed that the pleadings as tendered on and after June 14, 1963, and the evidence and exhibits tendered September 12, 1963, be considered by the Court as a new suit instituted by the intervenors against the named defendants.

It was so ordered, and the suit was styled "Civil Action No. 3067, Glenda Blakeney, infant, et al. v. Fairfax County School Board, et al."

From the record thus made, the Court's findings and conclusions are as follows:

Prior to the Brown decision [1] Fairfax County maintained a dual school system: one for Negro students; one for all other races. Shortly thereafter the placement of all children in the Fairfax County

---

1. Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.

schools was taken from the local School Board and vested in the state Pupil Placement Board. The assignment of students remained with the state Board until the 1961–62 school year, at which time placement responsibilities were reinvested in the local School Board.

On March 19, 1963, the School Board of Fairfax County adopted the following resolution governing pupil placement procedures:

"1. Any Negro pupil already attending a desegregated school, and who is completing the sixth or eighth grade, will be assigned to the next higher school where his classmates will attend, provided such placement is consistent with criteria for assignments and regulations of State Board of Education affecting pupil assignments.

"2. Any Negro pupil requesting transfer, without graduation from school presently attended, to a white or desegregated school nearer his or her place of residence, shall be permitted attendance at the school serving place of residence, provided all other criteria governing transfer applications, and all regulations of the State Board of Education governing pupil assignments have been met.

"3. Any application for transfer of a Negro student to a white or desegregated school farther from pupil's place of residence then (sic) the all-Negro school presently attended shall be referred to the School Board for action.

"With respect to those Negro students being promoted from a segregated school, the same procedures would be applicable as to white students; i. e., application for attendance at a school other than the one of assignment would have to be made and same criteria applied, generally the proof of extenuating circumstances justifying the transfer."

Brown, and the subsequent rulings of the Supreme Court and the Court of Appeals for the Fourth Circuit in the many school cases, command a racially nondiscriminatory public school system. Reduced to the simplest common denominator, this means all eligible students (white and colored) must be admitted to the public schools on the same basis. There can be no requirement of one that is not required of the other.

Facially, the resolution of March 19th would appear to be racially discriminatory in that it refers to Negro pupils only. It also refers to desegregated and segregated schools—implying a dual system. Point three requires School Board approval for transfer of a Negro student to a white or desegregated school farther from his place of residence. Such approval would not be required of a white student under similar circumstances according to the testimony of George H. Pope, the Assistant Superintendent in charge of placements. (Except in one or two isolated cases there are no known cases of white children residing in the attendance areas surrounding the six so-called all-Negro elementary schools.)

Notwithstanding the apparent facial infirmity of the March 19th resolution, the placement of pupils, both initial and transfer, in the Fairfax County school system is being administered on a racially non-discriminatory basis. Fixed attendance areas are delineated for each of the 110 school buildings located throughout Fairfax County. Many of these attendance areas are subject to change annually due to the ever expanding school population which is growing at the rate of about eight thousand students per year. There was no evidence of gerrymandering school attendance areas for the purpose of perpetuating all-colored schools.

New students (white and colored) entering the school system for the first time, whether they be first graders or "move-ins" from other jurisdictions, are

automatically assigned to the school nearest to their place of residence. Except for change of residence,[2] and for other good cause,[3] these students remain in the school of original assignment until graduation, at which time they are automatically assigned to the next higher school where their classmates will attend.

Eighty thousand five hundred fifty-eight students were enrolled in the Fairfax County school system during the 1963–64 school year of whom 2,529 are Negro, 2,101 of whom attend six all-colored elementary schools, one all-colored intermediate school and one all-colored senior high school. The remaining 428 Negro students attended 44 integrated elementary, intermediate and senior high schools located in various parts of the County. Of these Negro children, 214 attended integrated schools this year for the first time. The 2,101 Negro students now attending the all-colored six elementary, one intermediate and one senior high school are so attending solely on account of their place of residence or by choice.[4]

All of the infant intervenors are now attending a white or desegregated school nearest their place of residence. They were so assigned prior to the hearing of this case.

■ Upon the record thus made the Court concludes that Fairfax County is not maintaining a dual or segregated school system. The Court further concludes that all eligible students seeking admission to the Fairfax County public schools, initially and via transfer, are being so admitted on a racially non-discriminatory basis. Therefore the prayer for further interlocutory and permanent injunctive relief will be DENIED.

■ The policy resolution of March 19th, however, should be reformed to apply to all students instead of to only

Negro students, thereby conforming with the placement practice and eliminating its facial infirmity.

The intervenors further contend the "racially non-discriminatory school system," as required by the Brown decision, includes a non-segregated teaching and administrative staff, and pray that this Court enter an order herein so directing.

The limited evidence on this subject, as introduced herein, discloses that the Fairfax County School Board employs both Negro and white school teachers and principals. There are some Negroes in the administrative branch; the Superintendent and his principal assistants are white.

There are no white teachers teaching in the six elementary, one intermediate and one senior high school, attended solely by Negro students, and no Negro teachers are teaching in the so-called all-white or desegregated schools. There was no evidence as to how teachers or administrative personnel were employed or assigned. There was no evidence of discrimination.

■ The motion in intervention filed herein June 14, 1963, which was treated as the complaint by agreement of the parties, neither charges discrimination in employment or assignment of teachers or administrative personnel nor prays for injunctive relief in respect thereto. It is a "class action" brought on behalf of the infant intervenors and others similarly situated seeking admission to the public schools on a racially non-discriminatory basis.

The relief sought as to the teaching and administrative staff is clearly beyond the scope of the pleading and will be denied.

The prayer for attorneys' fees having been withdrawn in open Court, each

2. A change of residence permits a transfer on a nondiscriminatory basis to the school serving that attendance area.

3. Vocational training; special subjects taught only in special schools—handicapped children—etc.

4. All Negro students attending the so-called all-Negro intermediate and senior high school, who live nearer to an all-white or desegregated school, will be automatically so transferred upon request.

party will be required to pay their own costs with the exception of the cost of the transcript of the evidence, amounting to $78.00, which will be taxed against the School Board.